IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMALGAMATED TRANSIT UNION, LOCAL 1729, <br><br> Plaintiff, <br><br> v <br><br> FIRST GROUP AMERICA INC. and FIRST STUDENT, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) 2:15-cv-806 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**<u>MEMORANDUM ORDER</u>**

Local 1729 initiated this action under Section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185(a) on June 19, 2015, seeking to confirm an arbitration entered February 11, 2015. First Student filed an answer on July 28, 2015, and asserted, as an affirmative defense, that the decision of the NLRB with respect to a pair of petitions filed by First Student, once final, would take precedence over the arbitration award under the Supremacy Doctrine and thus the arbitration award could not be confirmed. On October 14, 2015, Local 1729 filed a motion for judgment on the pleadings, in which it contended that First Student had waived any defense to confirming the arbitration award. While that motion was pending, First Student filed a motion to stay, arguing that this case should be stayed pending the outcome of the then-ongoing NLRB proceedings. ECF No. 20. By Memorandum Opinion and Order dated November 24, 2015, this Court granted First Student's request. ECF No. 27.

On January 19, 2016, the NLRB filed its now-pending motion to intervene, seeking intervention either as of right under Fed. R. Civ. P. 24(a)(2) or permissively under Fed. R. Civ. P. 24(b)(2). ECF No. 28. Local 1729 opposes the NLRB's motion on procedural and substantive

1

grounds. ECF No. 33. The Court is not persuaded by the Local 1729's contentions and finds instead that the NLRB should be allowed to intervene.

As an initial matter, although the Court recognizes that the NLRB has technically failed to comply with the requirements of Rule 24(c) because its motion is not accompanied by "a pleading setting forth the claim or defense for which intervention is sought," Local 1729 hasn't shown that it will be prejudiced in any manner by the NLRB's failure. *See U.S. ex rel. Frank M. Sheesley Co. v. St. Paul Fire & Marine Ins. Co.*, 239 F.R.D. 404, 411 (W.D. Pa. 2006) (quoting *Retired Chi. Police Ass'n v. City of Chicago*, 7 F.3d 584, 595 (7th Cir.1993)) (explaining that "[t]he prevailing approach among the courts that have considered the question is reflected in the Seventh Circuit's conclusion that 'if no prejudice would result, a district court has the discretion to accept a procedurally defective motion'"). "'The purpose of requiring an intervenor to file a pleading is to place the other parties on notice of the position, claim, and relief sought by the intervenor.'" *Danner Const. Co. v. Hillsborough Cnty.*, No. 809-CV-650-T-17TBM, 2009 WL 2525486, at *2 (M.D. Fla. Aug. 17, 2009) (quoting *WJA Realty Ltd. P'ship v. Nelson*, 708 F.Supp. 1268 (S.D. Fla. 1989)). The NLRB's motion does just that, providing Local 1729 with sufficient notice as to the defense it will raise to enforcement of the arbitration award if permitted to intervene, which, it just so happens, is the same defense that First Student has relied on since this case began. Accordingly, the Court sees no reason to deny the NLRB's motion based only on a technical defect.

Turning to the substance of the NLRB's motion, the Court will not address whether a right to intervene under Rule 24(a)(2) has been established because, in any event, there are sufficient grounds to allow intervention under Rule 24(b)(2). That rule provides:

> On timely motion, the court may permit a federal . . . agency to intervene if a party's claim or defense is based on:

2

> (A) a statute or executive order administered by the officer or agency; or
>
> (B) any regulation, order, requirement, or agreement issued or made under the statute or executive order.

Fed. R. Civ. P. 24(b)(2). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Be that as it may, "'[t]he rule requires that intervention be granted liberally to governmental agencies because they purport to speak for the public interest.'" *Sec. Nat'l Ins. Co. v. Amchin*, 309 F.R.D. 217, 222 (E.D. Pa. 2015) (quoting *Metro Transp. Co. v. Balboa Ins. Co.*, 118 F.R.D. 423, 424 (E.D. Pa.1987) (citing 7C Wright & Miller, *Fed. Prac. & Proc.* § 1913 (3d ed.))). "Indeed, even before Rule 24 was amended to provide for the intervention of a government agency or officer in an action in which a party relies on a statute that the governmental entity administers, the Supreme Court sanctioned intervention by the government when appropriate and useful to advance the public interest." *Id.* (citing 7C Wright & Miller, *Fed. Prac. & Proc.* § 1912).

In this case, all of the prerequisites for permissive intervention are met. First, while the NLRB could have certainly moved to intervene sooner, the NLRB's motion is nonetheless timely. To be sure, this proceeding is no longer in its infancy, but it has been stayed since November and, aside from the issuance of the stay, no rulings on the merits of the action have been made. *See Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 369 (3d Cir. 1995) ("While four years had elapsed before the [intervenors] filed their motion to intervene, the critical inquiry is: what proceedings of substance on the merits have occurred?"). Indeed, the original parties have already extended this litigation by requesting additional briefing on the pending motion for judgment on the pleadings, and allowing the NLRB to offer its

insights as well will not occasion any further delay. Nor will allowing the NLRB to intervene cause any prejudice to the original parties' rights. To the contrary, the NLRB's participation may "elucidate the issues in this case and assist in the adversarial process." *Amchin*, 309 F.R.D. at 223. Second, First Student's supremacy doctrine defense is based on the NLRB's final decision with respect to First Student's UM and UC petitions, which was rendered pursuant to the Board's exclusive authority to decide such issues under the National Labor Relations Act. *See Amalgamated Util. Workers v. Consol. Edison Co. of N.Y.*, 309 U.S. 261, 269 (1940) (explaining that "Congress has in this instance created a public agency entrusted by the terms of its creation with the exclusive authority for the enforcement of the provisions of the Act"). It is thus appropriate under Rule 24(b)(2)(B) to allow the NLRB the opportunity to intervene to bring its expertise to bear on the matter. Accordingly, the NLRB's motion to intervene is hereby **GRANTED**.

The original parties' joint request for additional briefing on the motion for judgment on the pleadings is also hereby **GRANTED**. Briefs shall be filed **on or before March 2, 2016**, and shall not exceed 10 pages. Responses thereto shall be filed **on or before March 16, 2016**. Responses shall only address new arguments advanced in the opposition brief(s) and shall not exceed 5 pages.

It is **SO ORDERED**, this 10th day of February, 2016.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: all counsel of record
(via CM/ECF)